32-0-5-1-0 Chief Officer of the State of Illinois at the League by Nicholas A. Atwin v. Rashidon M. Hale Appellant by Stephen B. Verrill Mr. Verrill Good morning Good morning, Your Honor Counsel I'm Steve Verrill with the Office of the State Appellate Defender, 3rd District, for the defendant appellant Rashidon Hale May it please the Court This case is a direct appeal from a jury trial in which Rashidon Hale was convicted of first degree murder and sentenced to 25 years in prison There were two counts that Rashidon was found guilty of One of them, the one that he was convicted of and sentenced for, was the one that involved the allegation that he or someone he was accountable for struck the victim, Anthony Stewart, with a vehicle The other count, he was not sentenced for, that count involved the allegation that he or someone he was accountable for struck Anthony Stewart with a punch Hands or feet Yes, hands or feet Yes Counsel, on that second count, what kind of jurisdiction do we have? On the unsentenced count Right You know, the State has argued that there is no jurisdiction to address the unsentenced count under the Supreme Court's decision in Relaford Relaford does seem to provide support for that Do you concede that issue then? Well, I still maintain that both counts need to be reversed at some point If this Court doesn't have jurisdiction, then it could be in a future appeal But I would ask this Court to go ahead and address the jurisdiction issue one way or another Although, I do concede that the logic of Relaford would seem to mean that there's no jurisdiction on the unsentenced count But in my brief, I did mention a couple of one appellate court case And I mentioned a case that this Court cited, an older Supreme Court decision before Relaford, that exercised jurisdiction over an unsentenced count So if this Court thinks that that gives it jurisdiction, then I think it should reverse both counts now If not, then we would just be talking about the vehicle strike count here today And then the other count would have to wait for a future time Assuming that the State doesn't just decide to retry because the errors taint both counts, essentially So, multiple errors occurred in Brashegan Hill's trial of a serious nature The most significant errors involved jury instruction issues The jury was not properly instructed on accountability or causation And the jury was also not properly instructed as to the cluster-included offense of reckless homicide The State concedes that the jury was not properly instructed on reckless homicide That error was particularly egregious because we can't tell from the jury verdict itself Whether one or more jurors actually believed Chap did recklessly but still convicted him of murder based on this erroneous instruction In terms of accountability, I've raised three sub-issues as to errors in instructions on accountability The State does not challenge one of those The other two are contested Two other uncontested errors are that the jury was improperly informed that Brashegan had previously been imprisoned And had been pulled over by police nine days prior to the offense in this case And then there are two other contested errors involving the improper admission of an expert opinion The State's accident reconstruction expert essentially testified as a video-watching expert And said what the video showed, but the jurors should have been able to assess that for themselves And finally, the court erred in denying Brashegan's request for a cluster-included offense instruction on aggravated battery Cluster-included as to the vehicle strike count Now, it's our position that the individual and cumulative effect of these errors denied Brashegan a fair trial And that this court needs to therefore reverse all accounts over which it has jurisdiction I would like to begin by addressing two of the individual errors that are fully preserved that the State does not argue are harmless And then, after that, if there's time, I'd like to talk a little bit about my cumulative error argument So, there are two fully preserved errors that the State does not argue are harmless One of them is the error in instructing the jury on the withdrawal exception to the accountability rule That's IPI 5.04 Now, the State does contest that that was error The State says that was not an error, but they don't go on to say that if it was an error, that it was harmless This court should easily be able to reject the State's argument that it was not an error, though Because this court has previously held that instructing the jury on the withdrawal exception to the accountability rule Over defense counsel's objection is an error And the State doesn't cite any case that held otherwise That's the Hammond decision And the reason for that is that the withdrawal exception to the accountability rule Essentially requires the defense to prove something They basically have to prove that the defendant took an effort to stop, prevent the commission of the offense So, if the defense does not want that instruction, it should not be given And that's consistent with the IPI committee note as well The Hammond court noted that giving that instruction in a case where it's not an issue And the defense doesn't want to raise it Is prejudicial because it effectively advises the jury That it can hold the defendant legally responsible for the conduct of another person If he fails to make an effort to prevent the commission of the offense So, this court should find that that was an error Again, the State does not argue that it was harmless So it has not met its burden to show that that fully preserved error was harmless And this court could reverse based on that error A second error that the State does not argue was harmless Is one that also does not contest in any way at all Which is that it was error to allow the jury to be informed That Roshagan was pulled over nine days before the offense That's again something fully preserved The State had the burden to prove that that error was harmless It did not do so Therefore, this court could reverse based on that error individually as well I would also like to touch on my cumulative error argument And I want to talk a little bit about the recent Illinois Supreme Court decision in Quezada That this court allowed us to leave to cite Which was decided in December So, the Quezada case reaffirmed the idea that Even if no individual error is reversible The cumulative effect of multiple errors can result in the denial of the right to a fair trial And require reversal without consideration of the strength of the evidence In a case where you have multiple errors that essentially deny the defendant a fair trial And cumulative error, the court has indicated, is very important Because there's an important principle of law at stake Which is that defendants, whether innocent or guilty Are entitled to a fair trial conduction according to the law And if not for the ability to have cumulative error That the Supreme Court has clarified It is something that should be reviewed for If not for that, then you have a situation where In any case where the evidence was just a little bit too strong Then anything goes would be the situation Trial error after trial error, it doesn't matter, nobody cares And that, the Supreme Court has indicated, hurts the integrity of the judicial process And so, when there are lots of errors in a case And they get to the point of denying a defendant a fair trial A fair addressing of the issues, a fair hearing of his defense Regardless of the strength of the evidence, the conviction has to be reversed This is a case where that should apply In the briefs, I've raised 11 separate sub-issues 11 separate claims of error And that's not including interference of counsel or cumulative error That's just the A through E sub-headings Counsel, with regard to the fifth issue, which is the 7.15 instruction Yes Are you saying we should be proceeding under plain error Or ineffective assistance of counsel on that? So, that one, that's a good point That's a good point that you're raising, Your Honor So, the case out of court, the court indicated That you count all the preserved errors towards this analysis There are four of those There are seven unpreserved errors, including the one that you identified And for an unpreserved error to count under Quesada It has to be reviewable either as plain error or ineffective assistance of counsel Reviewable means that it wasn't invited And that it also was not trial strategy Now, for that 7.15 causation error Which is the only one, basically, by the way, that the state has actually argued Was both invited and trial strategy So, all the others can be counted That one, the state disputes whether that can be counted I disagree with that I don't think the error was invited or that it was trial strategy And I think the trial strategy argument is best Relayed by the fourth district case that I cited Which held that it's never a reasonable trial strategy To omit an element that's crucial to the jury determination of a case So, essentially, omitting the proximate cause element of the offense Did you say omit or admit? I'm sorry, omit That's what I thought you said I'm sorry, my error Omit Omitting an essential element Which is what happened when they didn't give 7.15 That means that there was no instruction on proximate cause at all And because that essential element of the offense was omitted I think that's something that cannot be found to be a reasonable trial strategy And so, I think that this court can go ahead and review that error as well And therefore, any of the 11 errors that it finds to be errors Whether they're preserved or unpreserved Should qualify as part of the cumulative error analysis As I pointed out sort of at the beginning there The state doesn't contest at least four of these errors And I already hit on what those particular errors are The error for the reckless homicide instruction As I already mentioned, was particularly serious Because we can't tell from the verdict Whether Warren Ward Church believed that he acted recklessly And looking at all the errors together I think it's also important to realize that They really did deprive the jury of giving fair consideration To Rashegan's defense He had a particular defense here that involved the fact that He was not accountable for this vehicle strike That the defense argued killed Anthony Stewart And it was based on trotter and the idea that There was this initial battery, that aggravated battery That Mike Hunt participated in That wasn't disputed But at a certain point while that was going on One of the participants, Rashad Higgins, said Stop, that's my cousin Because he realized the person they were striking was his cousin Then they all walked away Rashegan got in a separate vehicle from the other two And the defense argument was that at that point The aggravated battery was completed And there was nothing, Rashad specifically testified That there was no discussion of doing anything else To Anthony Stewart at that time And so the defense position was that There was no direct evidence of accountability For the vehicle strike by Warren Thomas And also that Rashegan did not intentionally Strike Anthony Stewart with his own vehicle Either that he didn't strike Anthony Stewart Or that if he did, it was done recklessly And not intentionally And so, with the errors on the reckless homicide instruction That takes out one aspect of the defense The errors on the accountability instruction And the accountability instructions, an additional error for that Included that the jury was not informed of instruction Of supplemental instruction That would have made it clear that once the defense is over You can't be held accountable The accountability ends when the offense is over And the state doesn't contest that error As to the accountability instructions Then there's the withdrawal, exception instruction And accountability undermines the defense argument there The causation, proximate causation Even though causation was not an issue That instruction was not given So basically, the defense was undermined at every turn By these various errors And I think this is therefore definitely a case Where Rashegan just didn't receive a fair assessment Of his defense by the jury Because of all these errors And on top of that, of course They're told that he was previously in prison Pulled over before There's a comment that suggests he may have been incarcerated for years Before this So, this is just one of those cases where The cumulative effect of all these errors Denied Rashegan a fair trial And this court should therefore reverse his conviction Of first-degree murder And the unsentence count If it has jurisdiction to do that Any further questions? I have one more The IPI instruction 5.04 Subparagraphs 2 and 4 Your brief talks about 2 But not about 4 Can you tell me How did the evidence support giving instruction Or paragraph number 4? Okay I believe I did talk about both the paragraphs In the briefs somewhere But paragraph 4, yes Was the one that had to do with Accountability ends when the offense is completed type thing And that's your standing on that That argument And what was raised in the brief Oh no, I can say more about it If you want me to I just wanted to know what evidence supported Giving paragraph 4 The evidence that supported it So, I think the reason that paragraph needed to be given Is because it Within that paragraph It would help ensure that the jury understood That when an offense is completed Then the aggravated battery in this case So I guess that's the evidence here Is that the evidence is that There was an aggravated battery that was completed And so I believe the instruction would convey That the completion of that aggravated battery Meant that there's no continuing accountability And that would have helped In addition to not providing the withdrawal exception instruction Would have made it possible for the jury to realize that It shouldn't automatically just find Rashegan accountable for Warren's vehicle strike Thank you Thank you Thank you, counsel Thank you Mr. Atwood Good morning, your honor Counsel May it please the court My name is Nicholas Atwood And I represent the people of the state of Illinois In this matter There's a lot to cover today There were a number of issues that the defendant raised The first thing I would like to address Is our Supreme Court's recent ruling in People v. Quesada Which clarified how this court interprets cumulative error claims And much like defense counsel noted There were 11 errors claimed in this case And what the Quesada court addressed Was the fact that often These numerous allegations of error Are repackaged under a due process or a fair trial claim And essentially argued under a de novo standard And what Quesada did was clarify Using our previously esteemed Justice Carter's test Is that we look at each one of these errors individually If they are unpreserved We apply a plain error analysis And first determine whether there was a clear error If not, that error is not considered As part of the cumulative error analysis So it eliminates errors from consideration And then secondarily we look at You know, what was the effect of the errors That do survive the step one plain error analysis And the court also noted that invited errors Are errors that are stopped from even being considered In the first place And that takes me into the first claim the defendant raised He argued that the issuance of 26.01R Was an error The problem with 26.01R Is that defense counsel acquiesced In the giving of that instruction In his reply brief, defendant seemingly argued That counsel has to make some affirmative action And request it in order to be considered invited error Or even that counsel had to benefit From the issuance of that error But that's not what goes to the heart Of the invited error doctrine What goes to the heart of that doctrine is If you affirmatively acquiesce As counsel did here when she said Right, it is okay, I got it now, I'm okay with it That is the issuance of subparagraphs 4 and 5 5 being the corrective paragraph We know it's error when we issue both of those Affirmatively acquiesce Affirmatively acquiesce, yeah Affirmatively acquiesce Affirmatively acquiesce She agreed with the court's proposition Of using both instructions The court was trying to explain to her How they work in concert The court was wrong They don't work in concert Hartfield is clear They're confusing when you issue subparagraph 4 and 5 Doesn't that mean then That counsel's performance was deficient? That argument wasn't raised So that argument isn't before this court And so even if it had been It's not going to fall under that cumulative error analysis To that end, because counsel acquiesced The state couldn't cure it The court could have given the parties 10 or 15 minutes to research the issue They could have easily found Hartfield And we wouldn't have had that error So it injected an error into the trial And now that injected error by his own counsel Is being used as the primary basis For reversing the case And presenting him with a new trial Under quesada Can't be considered So that error should not be considered by this court It should be found to be invited error Even if it isn't invited error As we can see Hartfield says this is an improper position There's no defending that element of it However, because it was a forfeited error There was no objection It wasn't included in a post-trial motion We have to look at it under a plain error context So it is clear error But it's not prejudicial error And it's not prejudicial error Because unlike in the previous cases Cited by defendant We have an independent basis of the jury's thinking And that was the count two conviction For punching and kicking And while that is not on appeal before this court Because sentence wasn't convicted To the extent there were even procedural errors Related to that count They don't affect what the jury's thinking shows What the jury's thinking shows Is that they found him guilty of both counts Both of the counts of first degree murder Required either intentional acts So the jury's thinking was This defendant acted intentionally in count two And he acted intentionally in the vehicular homicide count There is no evidence whatsoever That they even consider that he acted recklessly And the evidence shows that he didn't act recklessly After he pummeled Stewart And left him laying lifeless in the street He walked directly to his vehicle He got in it He pulled out onto the street He backed it up And aimed it at Stewart's body in the street And drove over him Defendant admitted as much In the jailhouse phone call So there's no evidence whatsoever To support the fact that he acted recklessly And on that basis alone You can affirm and find that there was no prejudice Mr. Atwood Yes ma'am Assume for sake of argument That we don't have jurisdiction Over the unsentenced count Okay What would allow us to consider The jury's finding on that count As part of a prejudicial analysis? If we don't have jurisdiction over that count You say that it was clear that the jury And then you went on Well you can affirm on any basis in the record And so I would argue That that is a basis in the record The jury did reach a verdict Although it was ultimately just after the fact That he wasn't sentenced on that count And so if you find That there weren't errors Related to these other provisions of the evidence It's the same evidence That goes towards both counts I believe the jury can Or this panel can rely on that And affirm the judgment But it also Another issue I want to address The defendant argued that We never challenged the errors Related to the reference That the police officer pulled in over nine days Before the incident occurred That's not accurate On page 20 of my brief I was talking about the Adkins case And this is talking about Adkins stated This court does not presume any inference From a defendant Having an interaction with Either a correctional officer Or a police officer's contact While they're acting In their official capacity That sentence was meant To address the fact that The correctional officer, juror Who was involved in the jury selection And the police officer Who pulled him over prior to the stop We don't make inferences from those And what Adkins outlines for us Is a test to consider What is the prejudicial effect Of these one-off statements There were three in this case There was a reference to the police officer Pulling him over There was the juror Ultimately who was not selected Juror Ball, I believe Who was a correctional officer And then there was Detective Stoon Making a statement during the interview That you don't want to go back to prison To the defendant So the case law is pretty clear Defendant cites Lamkin And a couple others Where egregious instances were cited But what Adkins says is We look at one Was the nature of defense disclosed In none of the three What was the use of that statement By the state None at all The state never cited to it an argument They never highlighted that fact to the jury And then finally What was the extent of it And again They were all one-off statements The police officer statement Doesn't indicate anything Other than maybe he got pulled over For a traffic stop It didn't even indicate That he received a ticket I haven't seen you in a long time That was I believe One of the That was a case that was cited By the defendant I don't believe that was from This particular record That was a prosecutor That made that Prosecutor elicited that In one of the cases Does the state have any position Regarding whether it was error To admit those statements We argued that It was not appropriate To allow those But there was no objection To any of those statements So it falls under A plain error analysis So is it clear error Was he prejudiced Under Adkins He wasn't prejudiced With regard to Juror Ball's statement He said that The extent of it was He was a correctional officer And he had interacted With the defendant Through correspondence Which is defined as Letters or email That does not create An automatic inference That someone was In prison for an offense If anything It implies that Perhaps he was A county employee Or perhaps he had Just sent letters To the jail For a relative Or a friend Who may have been incarcerated So your position Is it was not error To admit those Three statements Well it's not appropriate I don't know if it's Clear error Is the question I don't believe it's clear error We don't want to You know Infect trials That kind of thing But again The defense counsel Never objected With Detective Spoon's statement She never even attempted To redact the video It was unnecessary To even include That statement in there And there were forces Of the video That were redacted But she never did that Counsel didn't allege She was ineffective For not doing that But again It falls under This clear error analysis And in looking at All that analysis We ultimately have to get To the prejudice element And so Actually I'll get to that later I want to talk about withdrawal That's another issue That's important The 5.04 instruction Defendant's using The entirely wrong test For determining Whether it's appropriate To give that instruction He's citing Hammond Which is a defense case Arguing about withdrawal And an ineffective Assistance of counsel Context When a defendant Raises a withdrawal offense He's got to prove One or two or three Separate elements In order to justify that Because it's an Affirmative defense When the state Is addressing it In this context The people are entitled To an instruction When there is Quote Any evidence No matter how slight And under the Logan case That we cited The state is allowed To present an instruction In order to combat A quote Adverse inference The adverse inference Here Is the Dozens of references To the defendant Trying to withdraw You know I want to get back To my girlfriend I didn't run over And there were Numerous denials There were numerous Instances where he said I was just trying To get back home It goes throughout All the evidence In the interview video And then ultimately His counsel Took advantage of it as well Opening and closing arguments Counsel's talking about He's the first one Walking away from Stewart When he'd been beating him All this is meant To plant a seed In the jury's mind That oh maybe He was trying To get away from that Maybe he's not Responsible for that And the jurors Are not legal technicians They don't understand What's required In a withdrawal Affirmative defense If it's not being Raised officially By the defendant This was trial strategy She was creating Reasonable doubt By implanting A seed of doubt In the form of this Adverse inference Of withdrawal And to combat that The state sought To give that instruction No this is what withdrawal Actually requires This is a proper instruction And the court Didn't have used This discretion Initially in that instruction With regard To 5.03 Again These instructions Weren't requested The paragraph 2 And the paragraph 4 Paragraph 2 Deals with near presence There was no evidence To justify near presence We have to think What is a near presence At the scene In an accountability context It's like a fly on the wall It's an individual Who's done Nothing whatsoever To further A common scheme Or a common design They've not been called To the scene To be involved In anything But what do we have In this case What's the evidence D.J. Called the defendant Told him We're going to beat This guy up Defendant comes Leads the way In pummeling this man Above his head And about his body Leaves him lying In the street Walks to his vehicle Gets in it And runs him over There's no justification For a near presence at all That's not What this goes towards So there's no error there Paragraph 4 To your question This is considering Events that happen Afterwards right And so The defendant's theory was I acted intentionally In this beating But I didn't act Intentionally In running him over Well we know The evidence doesn't support that Because he aimed his vehicle At him And he admitted That he ran him over So he knew he did it It wasn't just a reckless act So the The mens rea Remains Either a knowledge Or an intent They transfer And we know That this doesn't apply Because you don't just consider What happened in between The two events That only happen Seconds apart You look at everything right And so what happened After This entire event Was over The defendant Washed his car Of evidence In the middle of January An unusual time To take your car To the car wash Under any circumstance And then secondarily He abandoned the vehicle The case law we cited In our brief Clearly establishes That's evidence Of a guilty conscience So why would counsel Want to instruct the jury Think about what I did After the fact When what I did After the fact Was destroy And abandon evidence That would not be You know We would be arguing That counsel was ineffective If she requested it Under those terms And getting to As far as like Counsel's effectiveness The 7.15 Versus 7.02 instruction 7.15 Is a lower burden Than 7.02 7.02 Which is what the jury Was instructed with Requires the state To prove that he Committed the act That did this He or he Or someone he was Accountable for Committed the act Or the actual cause Of the death 7.15 Requires the state    Specifically Requires the people To prove that Defendant's acts Contributed to the death The jury found That either or Killed the victim The pummeling Or the running over Contributing to a death Is a lower burden Of proof Than causing a death Being the cause Of a death If counsel had Requested 7.15 She makes the case Easier for the state And then we're here Talking about how She was ineffective For doing so Because that's not Reasonable trial strategy Then clearly He would have Caused him prejudice By that Because you lowered Our burden of proof So 7.15 In addition to being Forfeited Would have been Terrible trial strategy Under these facts Because it would have Made it easier for the People to convict the Defendant With regard to We didn't talk about Trooper and Beckler Very much As far as Just the cumulative errors Go In all of these cases You look at each one Individually And if they survive Clear error You've got to be able To prove prejudice For these errors And in this case To the extent Any of these claims Actually survive Clear error Or they're not Stopped under Invited error They don't ultimately Defendant wasn't Prejudiced by them Because the evidence Was clear The jury saw These videos They saw the defendant Go Beat this individual Who Dr. Humilier The forensic pathologist Said It could have been The beating It could have been The vehicle It could have been A combination of both We certainly know That the victim Wasn't moving Or able to get up After the initial fight So perhaps he was Dead there But what we do know Is the defendant Led that charge He walked straight Into his vehicle There was a brief Pause And this gets to The defendant's argument That there was no agreement That they drive over him Well there's never been A requirement That we have a verbal agreement Between parties To commit an act For all we know They pulled up Next to each other And it was just a nod After all Sitting in the passenger seat Of one of the vehicles Was the cousin Of one of the victims Certainly they're not Going to argue Like hey let's go Finish him off When this guy Just told him to stop But they're certainly Worried about being Identified if he is alive So perhaps that's all it was I mean this is the Midwest People pull up Next to each other In the street Wave a nod And move about Their business every day It's entirely feasible If the jury Reached the same conclusion And because of that When we see his vehicle Backing up And his attention Driving out of its way Into the other lane Of traffic To run over the victim It's easy to infer That this was not A clear error of his intent And so even if these Were errors To the extent That they survive A clear error analysis This defendant Wasn't prejudiced Because the video Spoke for itself And with that If your honors Have no further questions I would ask this court To affirm Thank you Next to Seth Jarrell As to the Subheading A Issue It's a       Furtive  With the Erroneous Reckless Homicide Instruction It doesn't matter Whether or not The error was Invited because As Justice David Floret Pointed out Counsel Would have been Ineffective for Inviting that Error If that's what Happened I'll leave it To the briefs My argument That it wasn't Invited But in any event It would be Ineffective Assistance Of Counsel The state Says that I didn't argue Ineffective Assistance Of Counsel But that Seems to be Based on the Idea that It was Improper For me to Make an  Assistance Of Counsel Argument That incorporated My previous Arguments In a different Subheading If the Briefs Weren't allowed To do that They would be Getting a lot Longer And your Honors would Be getting A lot of motions To file briefs In excess of 50 pages So Ineffective Assistance Of Counsel Was raised As that Issue And the State can't Dispute that There's no Strategy behind Giving that Instruction Because it Effectively Advises the Jury that If it found Or taken Guilty of Reckless Homicide And First Degree Murder Which it can't Do Then it should Just return The verdict of Guilty of First Degree Murder Which means We can't tell From the Verdict Whether they Actually found That he was Guilty of Just Reckless Homicide We should Be able to Tell that From the Guilty Verdict Itself And we can't Here As to The I mean The State Goes on To argue That it was Harmless Because of The other Count That we Probably don't This Court Probably doesn't Have jurisdiction Over Even if this Court did have Jurisdiction Though It's the State that Decided to Charge these As two Separate counts And based On two Separate acts And ultimately Each count Has to stand On its own Merits So You can't Say that One count Is harmless Because of Another count In that way That You still Have The Vehicle Strike Count Still have To be Reversed If there's An error To that And then The battery Count Would have To be Addressed For its Own Merits So But of  This Court May not Have Jurisdiction In any Event To address The strike Count So this Court Should reject That Harmless Error Argument As to If   Drunk It Was Night The Judge Said That If The Judge Can Say That Then The  Could Find It And So This Court Should Reject The State's Argument On Subpending A. I really Don't see Where the State Says That It Argued That The Pulling Over Nine Days Before The Offense Was Not An  It Is A     Preserved Because There Was An Objection Both In A Motion Eliminated That Was Filed Prior To   And It Is In The Most Preferred Area Of Interest And It Is In   Preferred  Of  And It Is In The Most Preferred Area Of Interest And It    Most Preferred Area Of Interest And It Is In             And It Is In      Of  But It       State Of Interest And It   In  Context The Prongs Of You Don't Have To Prove All Of The Elements Of Plain Air And The Reason For That Is That If You Did It  Would Be No Cumulative Air Review Ever.  It's A Matter Of Counting Those Areas Towards A  Air Analysis And Reversal Is Required Regardless Of How Strong The  Is.  Simply Doesn't Matter.  Problem Is That Affirming A  In Which Multiple Areas Have Occurred Is A  For The Integrity Of The Initial Process And There Needs To Be Addressed In Reverse For  Reason.  I Would Just Ask This Court To Reverse The Conviction Of First-Degree Murder. Thank You. Any Questions? No, Thank You. The Court Will Take The Case Under Advisement And Issue A Ruling Of Due Force.